IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DAVID LESLIE CARD, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 93-0030-S-EJL |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| A.J. ARAVE, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this capital habeas matter is Petitioner's Motion for Leave to Conduct Broadened Discovery.  (Docket No. 259.)  Respondent objects to the Motion. For the reasons that follow, Petitioner's Motion will be granted in part and denied in part.

## I.

### STANDARD OF LAW

Leave to conduct discovery in a habeas case will be granted only upon a showing of good cause.  *See* Rule 6 of the Rules Governing Section 2254 Cases (Habeas Rules). A petitioner has generally shown good cause when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (*citing Harris v. Nelson*, 394 U.S. 286, 295 (1969)).  If good cause is shown, the extent and scope of discovery is within the court's discretion.  *See* Habeas Rule 6(a).

**ORDER - 1**

## II.

## DISCUSSION

This Court recently denied Petitioner's motion for evidentiary hearing, but allowed the parties to engage in limited discovery to develop the facts on Petitioner's allegations of ineffective assistance of trial counsel.  (Docket Nos. 257 & 263.)  The Court has also given Petitioner the opportunity to submit an updated or supplemental report from his mental health expert addressing Petitioner's competency claims.  (Docket No. 257, p. 13.)  The Court noted that it will reconsider whether a hearing will be necessary to resolve Claims 1, 5, 11, or 18 at the conclusion of the limited discovery period.  (Docket No. 257, p. 13.)  Petitioner has now asked for leave to broaden the scope of discovery.

(1)   Production of Documents

Petitioner initially requests production of the prosecution's files containing "information about [Petitioner's] mental health, competency and behavior," ranging in time from the initiation of the criminal proceeding to the present (though Petitioner has separated the request into two categories, seeking records before and after the conclusion of the direct appeal in 1991).  *See Motion for Leave to Conduct Broadened Discovery*, p. 2.  Petitioner has not linked this request to any particular allegation of ineffective assistance of trial counsel, and his assertion that the prosecution's files may contain previously undisclosed information that is relevant to competency or mental health matters is speculative.  Moreover, the request is overly broad.  Likewise, Petitioner's request for production of all law enforcement records "memorializing recollections or

**ORDER - 2**

observations" of Petitioner's behavior and statements "from the time of his arrest and before, through the present time" suffers from the same deficiencies.  *See Id.*  These requests will be denied.

Petitioner next renews his request for production of his "central records file, tier file, and classification file" at the Idaho Maximum Security Institution or its predecessor from 1988 to the present.  The Court previously granted Petitioner access to all of his medical and mental health records, but the Court denied Petitioner's request for production of his entire non-medical prison file.  (Docket Nos. 120, 180.)  The Court remains unconvinced that disclosure of the complete prison file, which now spans over fifteen years, is necessary to gain a full understanding of the issues currently before the Court.  In particular, documentation by non-medical prison staff of Petitioner's allegedly bizarre behavior long after the conclusion of the criminal proceeding would have minimal probative value with respect to whether Petitioner was incompetent to be tried or sentenced in 1988 and 1989 (Claim 1), or whether Petitioner's attorney was ineffective in handling mental health issues at that time (Claim 18).[1]

---

[1]  To Court notes that it has already required disclosure of "all records or documents *of any kind* that relate to David Leslie Card while he was a patient at the Idaho Secure Medical Facility after his arrest in 1988, and prior to and during his trial."  (Docket No. 120, p. 3.) (Emphasis added.)  Respondent filed a Notice of Compliance with the Court's discovery order (Docket No. 124), and the Court presumes that all such records have been disclosed.

**ORDER - 3**

Petitioner's request for access to county jail records stands on a slightly different footing, and Petitioner has persuaded the Court that records relating to his detention while he was awaiting trial and sentencing may contain information that could be relevant to the claims at issue.  Accordingly, the Court will grant Petitioner's request for leave to conduct discovery of such records, if they still exist.

(2)     Depositions

Petitioner's counsel asserts that Dee Forrey, Petitioner's brother-in-law, possesses relevant information and that Petitioner needs to conduct a deposition to preserve Mr. Forrey's testimony because he is dying of cancer.  The Court finds that Petitioner has shown good cause to take Mr. Forrey's deposition.

The Court also grants Petitioner's request to depose Betty L. Davis, the author of the presentence investigation report.  The factual circumstances of the interview may have some bearing on the resolution of Claims 5 and 18(e).

Finally, Petitioner's request to depose the prosecutors in this case will be denied for the same reasons that the Court has not allowed production of the prosecution's files.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Leave to Conduct Broadened Discovery (Docket No. 259) is GRANTED in part and DENIED in part, as follows:

1.     The Court grants Petitioner's request for leave to conduct discovery of

**ORDER - 4**

records that relate to Petitioner while he was detained at the Canyon County

Jail awaiting trial and sentencing in 1988 and 1989, until he was transferred

to the Department of Correction's custody after entry of judgment;

2.    The Court grants Petitioner's request to conduct depositions of Dee Forrey

and Betty L. Davis;

3.    Petitioner's other requests are denied.

IT IS FURTHER ORDERED that in light of the broadened discovery allowed by

this Order, the current discovery deadline is vacated.  Discovery shall be completed by

January 31, 2006.  Petitioner shall submit any offer of proof or supplemental report from

his mental health expert by February 15, 2006.



DATED:  **December 9, 2005**

H̶o̶n̶o̶r̶able Edward J. Lodge
U. S. District Judge

**ORDER - 5**