IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID LESLIE CARD, ) | |
| ) | |
| Petitioner, ) | Case No. CV 93-0030-S-EJL |
| ) | |
| v. ) | **CAPITAL CASE** |
| ) | |
| A.J. ARAVE, Warden, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

Before the Court in this capital habeas matter is Petitioner's Motion to Vacate Evidentiary Hearing and Stay Proceedings Immediately, Based on Petitioner's Current Incompetency. (Docket No. 321.) Respondent agrees that Petitioner lacks competence to proceed, and does not object to the stay. (Docket No. 322.)

This issue is controlled by *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003). In *Rohan*, the Ninth Circuit held that, "where an incompetent capital habeas petitioner raises claims that could potentially benefit from his ability to communicate rationally, refusing to stay proceedings pending restoration of competence denies him his statutory right to assistance of counsel, whether or not counsel can identify with precision the information sought." *Id.* at 819.

**ORDER - 1**

All mental health experts who have recently evaluated Petitioner, including Respondent's experts, agree that his mental illness has rendered him presently unable to communicate rationally with his appointed counsel.  As in *Rohan*, Petitioner has raised claims that would benefit from such communication, including claims related to his competency at trial and sentencing, and claims that his trial counsel was ineffective in failing to investigate and present mitigating evidence during the penalty phase.  The evidence further shows that the prognosis for Petitioner regaining his ability to assist counsel in the future is poor.  Accordingly, based upon the undisputed evidence before the Court, the Court finds that Petitioner is not presently competent under the standard set forth in *Rohan*, and this case shall be stayed until such time as he regains competency.  The evidentiary hearing set to begin on December 4, 2006, and all associated pre-hearing deadlines, will be vacated.

Counsel for the parties further indicate that they are working toward a resolution to this case.  To that end, Petitioner's attorneys request that the Court set a deadline of January 31, 2007, for the parties to resolve the matter, after which, if the case is not resolved, Petitioner's counsel may seek to lift the stay for the limited purpose of preserving the testimony of mitigation witnesses.  Respondent objects to this request and contends that no action should be taken while Petitioner is incompetent and the case is stayed.

**ORDER - 2**

The Court will not impose the suggested deadline, though it encourages discussions between counsel to resolve the case.  If Petitioner's attorneys believe that they will have cause at some point in the future to lift the stay for a limited purpose, they may file a motion seeking such relief at that time.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Vacate Evidentiary Hearing and Stay Proceedings Immediately, Based on Petitioner's Current Incompetency (Docket No. 321) is GRANTED.  This case is STAYED.

IT IS FURTHER ORDERED that the evidentiary hearing set to begin on December 4, 2006 is VACATED.  All pre-hearing deadlines are likewise VACATED.

IT IS FURTHER ORDERED that in the event that this case is not otherwise terminated or resolved, Respondent and Petitioner shall file status reports with the Court every six months apprising the Court of any developments in Petitioner's mental condition and competency.

DATED: **October 20, 2006**

*Edward J. Lodge* (signature)

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**ORDER - 3**